```
                    UNITED STATES DISTRICT COURT FOR THE
                      WESTERN DISTRICT OF NORTH CAROLINA
                              CHARLOTTE DIVISION
                               3:05CV117-MU-01
```

SHAWN ANTHONY RADFORD,         )
                               )
    Petitioner,                )
                               )
       v.                      )               **O R D E R**
                               )
SHERWOOD McCABE,               )
                               )
    Respondent.                )
_____)

**THIS MATTER** is before the Court upon Respondent's Motion for Summary Judgment, filed April 13, 2005.

On or about August 13, 2001, in the Superior Court of Burke County, Petitioner pled guilty to two counts of sexual activity by a substitute parent and two counts of taking indecent liberties with a child. Petitioner was sentenced to two consecutive terms of 36-53 months imprisonment and two consecutive terms of 24-29 months imprisonment. Petitioner directly appealed his sentence and on February 18, 2003, the North Carolina Court of Appeals remanded Petitioner's case for resentencing. State v. Radford, 156 N.C. App. 161 (2003). On May 2, 2003, Petitioner was resentenced to two consecutive terms of 29-44 months imprisonment and two consecutive terms of 19-23 months imprisonment. Petitioner did not directly appeal his resentencing. However, on August 17, 2004, Petitioner dated a Motion for Appropriate Relief (MAR) which was filed in the

Superior Court on August 20, 2004, and which was summarily denied on September 1, 2004. On October 7, 2004, Petitioner filed a writ of certiorari with the North Carolina Court of Appeals which was denied on October 27, 2004. On November 29, 2004, Petitioner filed a second writ of certiorari with the North Carolina Supreme Court which was denied on February 3, 2005. On or about March 12, 2005, Petitioner dated the instant federal habeas petition which was filed on March 17, 2005.

Respondent argues that based upon the above information, Petitioner's federal habeas petition is untimely under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). AEDPA, among other things, amended 28 U.S.C. § 2254 by imposing a 1-year statute of limitations period for the filing of a federal habeas petition. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on or about May 16, 2003.[1] Therefore his limitation period began to run on May 17, 2003. It ran for 365 days until it fully expired on May 17, 2004. Petitioner did not file his MAR until August 17, 2004. While state post-conviction proceedings can operate to toll a petitioner's limitation period, 28 U.S.C. § 2244(d)(2), Petitioner's limitation period had already expired before he invoked that process.

Petitioner asserts that his federal habeas petition should be considered timely filed because state law allows a defendant to file a motion concerning jurisdiction or the failure of a pleading to charge an offense at any time. Such a rule has no bearing on the timeliness of a Petitioner's federal habeas petition.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED;** and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

---

[1] Petitioner was resentenced on May 2, 2003. He did not directly appeal his resentencing. Consequently, his case became final on direct review fourteen days later on May 16, 2003. See N.C. R. App. P. 4(a).

**Signed: May 10, 2005**

Graham C. Mullen
Chief United States District Judge